## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **TIMOTHY A. PERKIN,** on behalf of himself and all other plaintiffs known and unknown, | ) ) ) ) | **No.** 09 CV |
| | ) | Honorable Judge |
| Plaintiff | ) ) | Magistrate Judge |
| v. | ) ) | ***JURY DEMAND*** |
| **TRANSMARKET GROUP, INC., D/B/A TRANSMARKET GROUP L.L.C.** | ) ) ) ) | |
| Defendants | ) | |

## COMPLAINT

NOW COMES Plaintiff, **TIMOTHY A. PERKIN,** on behalf of himself and all other Plaintiffs similarly situated, by and through his attorney, JOHN W. BILLHORN, and for his Complaint against Defendant, **TRANSMARKET GROUP, INC., D/B/A TRANSMARKET GROUP, L.L.C.,** state as follows:

### I.    NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*, the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS Section 115/1, *et seq.*

### II.    JURISDICTION AND VENUE

2.    Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*, and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. §1367.  Venue lies in the Northern District of Illinois in that Plaintiff is a resident of this district and Defendant is engaged in business in this district.

## III.    THE PARTIES

3.    Defendant, TRANSMARKET GROUP INC., D/B/A TRANSMARKET GROUP L.L.C., is a private trading and investment company.   As such, Defendant's services qualify as an enterprise engaged in commerce as defined by the FLSA.    During all relevant times Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer".

4.    Plaintiff, TIMOTHY A. PERKIN, (hereinafter "the named  Plaintiff"), and all other unnamed Plaintiffs known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are either past or present Trade Support Analysts who worked for Defendant as helpdesk employees.   As employees performing duties for an enterprise engage in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

## IV.    STATUTORY VIOLATIONS

### Collective Action Under The Fair Labor Standards Act

5.  Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is maintained by Plaintiff as an opt-in representative action, on behalf of himself and other Plaintiffs similarly situated who have been or will be damaged by Defendant's failure to comply with 29 U.S.C. §201 *et. seq.* and §251 *et. seq.*  Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations.  Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

**Illinois Minimum Wage Law**

6.   Pursuant to the Illinois Minimum Wage Law, 820 ILCS Section 105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action.  Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV.

**Illinois Wage Payment and Collection Act**

7.   Pursuant to Illinois Wage Payment and Collection Act, 820 ILCS Section 115/1 *et seq.*, Count V of this action is brought by the Plaintiff to recover unpaid back wages earned or after the date ten (10) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count V.

## V.   FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

8.   The named Plaintiff and all other members of the Plaintiff Class, known and unknown, at all times pertinent to the cause of action, were or are employed by Defendant, said employment being integral and indispensable to Defendants' business.

9.     While employed by Defendant, Plaintiff and all other members of the Plaintiff Class worked hours in excess of 40 hours in a workweek but were denied payment for those hours at a rate one and one-half times their regular rate of pay.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-9. Paragraphs 1 through 9 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 9 of this Count I.

10.   Pursuant to Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.*, and the Portal-to-Portal Act 29 U.S.C. §251 *et. seq.,* the named Plaintiff, and all other Plaintiffs

similarly situated, known and unknown, are entitled to compensation at a rate not less than one and one-half their regular rate of pay for all hours worked in excess of forty (40) hours in any week during the two (2) years preceding the filing of this action.

11.   Defendant has at all times relevant hereto failed and refused to pay compensation to its employees, including the named Plaintiff herein, and all other Plaintiffs similarly situated, known and unknown, at the rate of one and one-half their regular hourly wage rate for hours worked over forty (40) in a work week, all as required by the F.L.S.A.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a)   awarding back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b)   awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c)   awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and,

(d)   for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-11. Paragraphs 1 through 11 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 11 of Count II.

12.   Defendants have both in the past and presently willfully failed to pay the named Plaintiff and members of the Plaintiff Class for work weeks in excess of forty (40)

hours per week at a rate equal to one-half times their regular rate of pay despite the fact that Defendant knew, or should have known, of the requirements of the Fair Labor Standards Act.

13.    Defendant continues a pattern of deliberate, voluntary, intentional, and willful violation of the Fair Labor Standards Act in that its practice in this regard continues and all past amounts of unpaid wages remain unpaid.

14.    Pursuant to the Fair Labor Standards Act Plaintiffs, and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all the hours worked in excess of forty (40) in any given week in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a)    awarding back pay equal to the amount of all unpaid overtime compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b)    awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

(c)    awarding Plaintiff's reasonable attorney's fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d)    for such additional relief as the Court deems appropriate under the circumstances.

## COUNT III

## LIQUIDATED DAMAGES
## UNDER THE FAIR LABOR STANDARDS ACT

1-14.   Paragraphs 1 through 14 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 14 of Count III.

15. In denying the named Plaintiff and members of the Plaintiff Class compensation at a rate of one and one-half for hours worked over forty (40) in a workweek, Defendant's acts were not based upon good faith or reasonable grounds.

16. The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order:

(a)    awarding liquidated damages equal to the amount of all unpaid overtime compensation;

(b)    awarding Plaintiff's reasonable attorney's fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c)    for such additional relief as the Court deems appropriate under the circumstances.

## COUNT IV

## SUPPLEMENTAL STATE LAW CLAIM
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-16. Paragraphs 1 through 16 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 16 of this Count IV.

17. As described in the foregoing paragraphs, Defendant's compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS Section 115/1 et. seq.

18. During a portion or all of the relevant time at issue herein, the Illinois Minimum Wage Law provided that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for punitive damages in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

19. Defendant's failure to pay the overtime wages as described has been willful and/or in bad faith.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order:

(a) declaring and decreeing Defendant's compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiffs and other members of the Plaintiff Class are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendants has remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendant's to pay to Plaintiff's reasonable attorney's fees, costs, and litigation expenses, as provided by statute;

(e) for such additional relief it deems just and appropriate under the circumstances.

## COUNT V

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

1-16.   Paragraphs 1 through 16 of Count III are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 16 of this Count V.

17.  The Illinois Wage Payment and Collection Act, Section 2, defines wages as "any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the 2 parties, . . . .".  Payment to separated employees is termed "final compensation" and defined as "wages, salaries, earned commissions, earned bonuses . . . . and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the two parties".

18.   At all times relevant there existed an agreement between Plaintiff, members of the Plaintiff class, and Defendant that Defendant's compensation policies were in compliance with state and federal law.   Defendant has breached that agreement in that Defendant's compensation policies violate wage and hour provisions of both state and federal law.

19.  The Illinois Wage Payment and Collection Act, Section 4 provides that every employer shall pay  "[A]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned".

20.  The Illinois Wage Payment and Collection Act, Section 5, provides that "[E]very employer shall pay the final compensation of separated employees in full, at the

time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee.

21    Defendant's acts as complained of herein and described above, namely the continuing refusal and failure to pay the earned wages to Plaintiff and the Plaintiff class, constitutes a violation of the Illinois Wage Payment and Collection Act.

**WHEREFORE,** Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order:

(a)    declaring and decreeing Defendant's compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter,  in violation of the provisions of the Illinois  Wage Payment and Collection Act;

(b)    awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

(c)    allowing this Court retain jurisdiction of the case until such time as it is assured that Defendant has remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d)    directing this Court order Defendant to pay to Plaintiff's reasonable attorney's fees, costs, and litigation expenses, as provided by statute;

(e)    for such additional relief it deems just and appropriate under the circumstances.

Respectfully submitted,

***Electronically Filed 10/13/2009***

s/ John W. Billhorn

_____
John William Billhorn, attorney for
Plaintiff, and all other Plaintiffs
similarly situated, known or unknown.

BILLHORN LAW FIRM
120 S. State Street, Suite 400
Chicago, IL 60603
(312) 853-1450